## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                              Plaintiff,<br><br>vs.<br><br>**LARRY IGNACIO CAMACHO**,<br>DOB: 10/07/1975<br><br><br><br>                              Defendant. | Criminal Case No. CM0186-22<br>GPD Report No.: 22-13876/22-06020<br><br><br>**DECISION & ORDER**<br>(Revocation of Probation) |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on January 25, 2024, for a Revocation Hearing. Assistant Public Defender David Highsmith appeared for Larry Ignacio Camacho ("Defendant"). Assistant Attorney General Kristine Borja appeared for the People of Guam ("People"). After taking the matter under advisement on February 15, 2024, the Court now issues the following order **GRANTING** the People's request to revoke Defendant's probation.

## BACKGROUND

On May 24, 2022, a Magistrate Complaint was entered charging Defendant with 1) **Violation of a Court Order (As a Misdemeanor) - *4 Counts*,** and 2) **Criminal Trespass (As Petty**

**Misdemeanors) - *4 Counts*.** Magistrate Complaint, May 24, 2022. On July 20, 2022, Defendant pled guilty to **Violation of a Court Order (As a Misdemeanor)** – *Count 4* pursuant to a plea agreement between Defendant and the People. Plea Agreement, December 28, 2022. The Court sentenced Defendant to **one (1) year** of incarceration, all but **thirty (30) days** suspended with credit for **fifty-nine (59) days** served, followed by **two (2) years** of supervised probation for each charge. *Id.* at 4. The conditions of Defendant's probation included:

1. Defendant shall submit to random drug and alcohol testing under the supervision of the Probation Office. *Id.* at 5.

2. Defendant shall serve **seventy-five (75) hours** of community service. *Id.* at 4.

3. Defendant shall enroll and attend a drug rehabilitation program under the supervision of the Guam Behavioral Health and Wellness Center or any other drug rehabilitation program approved by the Superior Court. Defendant shall receive two (2) hours credit toward community service for each one (1) hour of counseling Defendant attends. *Id.* at 5.

4. Defendant shall report to Probation Services weekly for the first four (4) months, and as Probation requests after that time period. *Id.*

5. Defendant shall not possess or consume any illegal controlled substances. *Id.*

6. Defendant shall stay away from all firearms and other deadly weapons and shall not apply for one if Defendant does not have one. *Id.*

7. Defendant shall obey all local and federal laws, and shall not associate with any persons known to Defendant as felons. *Id.*

8. Defendant was required to pay a fine of $250, plus court costs. *Id.* at 4.

Subsequently, Adult Probation Services ("Probation") filed four violations against the Defendant for probation violations, with the third and fourth violations involving violations of court orders resulting in the Court issuing a bench warrant. The following violations were filed:

1. On October 10, 2022, Probation filed a violation against the Defendant for failure to report to the Probation Office upon his release on July 20, 2022 for intake and processing. Defendant's contact number was no longer in service. A home visit was conducted (homeless, Micronesia Mall area) at which time, the probationer could not be located.

2. On July 27, 2023, Probation filed a violation against the Defendant for failure to report to Client Services and Family Counseling for Intake and Assessment. Probationer also failed to attend and complete the Anger and Stress Management Program, failed to make any payments towards his fine, and failed to complete his community service of 75 hours.

3. On October 2, 2023, Probation filed a violation against the Defendant for failure to refrain from ingesting/consuming illegal controlled substances. The probationer submitted to a drug test on September 29, 2023, with the Probation Office and tested presumptive for methamphetamines. He admitted to ingesting an illegal controlled substance namely "meth" on September 27, 2023 via declaration. This was Defendant's 1st positive test.

4. On November 14, 2023, Probation filed a violation against the Defendant for failure to refrain from ingesting/consuming illegal controlled substances. The probationer

submitted to a drug test on October 25, 2023, with the Probation Office and tested presumptive positive for methamphetamines and THC. He admitted to ingesting an illegal controlled substance namely "meth and marijuana" on October 22, 2023 and October 24, 2023 via declaration. This is Defendant's 2nd positive test.

Bench warrants were issued on November 8, 2022 and December 4, 2023, with corresponding commitment orders on December 28, 2022 and December 19, 2023.

On February 15, 2024, the Court held a revocation hearing, and the People requested the Court revoke Defendant's probation. Minute Entry, February 15, 2024. At the revocation hearing, the Court took the matter under advisement. *Id.*

## DISCUSSION

Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is empowered to sentence the defendant to any sentence that may it have originally imposed. 9 G.C.A § 80.66(b). The decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15 (1st Cir. 1994).

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

### A. Defendant violated his conditions of probation.

The standard for determining whether a probationer violated a condition of his probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶ 30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

After reviewing the violations filed by Probation at the Revocation Hearing and listening to the testimony of Probation Officer Titus Taitano at the Revocation Hearing, the Court finds that Defendant has inexcusably violated multiple conditions of his probation on several occasions.

\\

\\

\\

### B. Whether Defendant's violation of Probation warrants revocation.

The Supreme Court of the United States has stated that with regard to probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (1983) (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. *Id.* The Supreme Court of Guam reasoned that because the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

Defendant entered into the Plea Agreement a year and a half ago and has not only failed to make substantial progress towards completing his probation conditions, but has violated court orders resulting in two new misdemeanor cases since agreeing to the terms of the plea

agreement. Obeying the laws of Guam is one of the fundamental conditions a probationer must follow, and Defendant has demonstrated that they are incapable of fulfilling even this most basic requirement. If Defendant were to benefit from probation, he would have made greater progress towards completing his treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently fails to report to Probation and has repeatedly violated court orders prohibiting drug use.

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's absence from reports frustrates the purpose of seeking recovery. Thus, it is clear to the Court that Defendant's violations upset the intent of his probation conditions.

Although Defendant's probationary period has not expired, he has made little progress on his probation conditions and violated court orders prohibiting drug use on two occasions. Defendant had a year and a half to demonstrate to the Court that he can make progress on his probation conditions. Instead, he chose to put forth minimal effort in completing his probation conditions and repeatedly violated court orders. Defendant cannot build a better life without the tools to do so. Accordingly, it is in Defendant's best interest for the Court to revoke probation.

\\

\\

\\

\\

\\

\\

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's request to revoke Defendant's probation. Defendant's probation is hereby revoked and Defendant is sentenced to one (1) year imprisonment at the Department of Corrections, Mangilao, with credit for time served. The Court orders the other terms of Defendant's Plea Agreement and Judgement of Conviction waived.

SO ORDERED, *Nunc Pro Tunc* to February 15, 2024, this ___**AUG 0 1 2024**___.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam